IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY SERFASS, | § § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 5:16-CV-133 |
| XTREME DRILLING AND COIL SERVICES, INC., | § § § § | |
| Defendant. | § § | |

# PLAINTIFF ANTHONY SERFASS' ORIGINAL COMPLAINT AND JURY DEMAND

For his Original Complaint against Xtreme Drilling and Coil Services, Inc., Plaintiff Anthony Serfass shows the following:

### Introduction

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). Xtreme Drilling violated the FLSA by failing to pay the proper overtime premium for hours worked over forty each workweek. Plaintiff now brings this action to recover these unpaid overtime wages.

### Parties

2. Plaintiff Anthony Serfass is an individual residing in Pleasanton, Texas. He may be served with papers through the undersigned counsel.

3. Defendant Xtreme Drilling and Coil Services, Inc. is a corporation organized under the laws of the State of Texas. It may be served with process through its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## Jurisdiction and Venue

4. The Court possesses subject matter jurisdiction over this case because Plaintiff asserts claims under the Fair Labor Standards Act. Accordingly, the Court possesses subject matter jurisdiction under 28 U.S.C. Section 1331. Venue is proper in the Western District of Texas, San Antonio Division, because Plaintiff worked for Defendant within the geographic confines of the San Antonio Division and because Defendant maintains operations within the Western District of Texas and the San Antonio Division.

## Statement of Facts

5. Defendant Xtreme Drilling and Coil Services, Inc. is an onshore drilling and coiled tubing services contractor that works with exploration and production companies in the U.S., Canada and international markets. Xtreme Drilling employed Plaintiff from October 2013 to the present. He worked as an equipment operator, and then as a pump operator. He was later re-assigned to the position of equipment operator.

6. Throughout Plaintiff's employment with Xtreme Drilling, the Company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) has gross revenues well in excess of $500,000.00 per year.

7. Defendant paid Plaintiff on a salary basis until April 2015 with no provision for overtime compensation. From April 2015 through the present, Defendant paid Plaintiff on an hourly basis. Plaintiff has regularly worked in excess of forty hours per week. Defendant knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

8. Defendant did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he was employed" as required by 29 U.S.C.§ 207(a)(1). Instead,

until April 2015, Defendant paid Plaintiff a fixed sum regardless of the number of hours he worked

9. Subsequently, even after Plaintiff was converted to "hourly" pay, Defendant violated the FLSA by paying Plaintiff overtime at a rate less than one and one-half times the regular rate at which he was employed. Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

### Causes of Action: Failure to Pay Plaintiff Overtime in Violation of 29 U.S.C. § 207 (a)

10. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 9 supra.

11. Plaintiff was non-exempt from the overtime provisions of the FLSA. Defendant was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he was employed []" for the hours that he worked over forty in a workweek. Defendant has failed to pay Plaintiff overtime in accordance with the FLSA.

12. Defendant knew that its pay practices violated the FLSA, or at least acted recklessly with respect to is compliance with the overtime provisions of the FLSA. Accordingly, Defendant's violations were willful.

### Jury Trial

13. Plaintiffs demand a trial by jury.

### Prayer

Plaintiff prays that, upon final judgment, he be awarded the following:

a. All unpaid wages, including unpaid overtime;

b. An equal amount in liquidated damages;

c. Attorney fees and costs; and

d. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone -- (210) 616-9800
Facsimile -- (210) 616-9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
ANTHONY SERFASS